IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD W. HOYLE, ) | |
| ) | |
| Petitioner, ) | Case No. CV 05-0063-S-EJL |
| ) | |
| v. ) | |
| ) | **MEMORANDUM ORDER** |
| ADA COUNTY DISTRICT COURT, ) | |
| STATE OF IDAHO, and LAWRENCE ) | |
| WASDEN, Attorney General, State of ) | |
| Idaho, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

On February 10, 2006, the Court denied Richard Hoyle's Petition for Writ of Habeas Corpus in a Memorandum Decision and Order. Judgment was entered the same day. Petitioner has since filed a Motion to Alter or Amend Judgment, which is ripe for a decision. This matter will be resolved on the briefs and the record without oral argument.

I.

STANDARD OF LAW

Reconsideration of a final judgment under Federal Rule of Civil Procedure 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A losing party cannot use a Rule 59(e) motion to relitigate old matters or to raise arguments that could have been raised before the entry of judgment. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). As a result,

**Memorandum Order - 1**

there are four limited grounds upon which a motion for reconsideration may be granted: (1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in the law. *Turner v. Burlington North. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citation omitted).

## II.

## DISCUSSION

In its Memorandum Decision, the Court determined that the jury at Petitioner's first trial did not acquit him of racketeering and, as a result, the Double Jeopardy Clause of the Fifth Amendment did not bar a new prosecution for substantive offenses that the state courts had concluded were lesser included offenses of the racketeering charge. (Docket No. 25, pp. 7-12.)  For the reasons that follow, Petitioner has not persuaded the Court to reconsider this decision.

Petitioner first argues that the Court erroneously relied upon three federal cases, which he contends are irrelevant to the issues at hand. *See United States v. Ailsworth*, 138 F.3d 843, 846 (10th Cir. 1998); *Cook v. United States*, 379 F.2d 966, 970 (5th Cir. 1967); *United States v. Nooks*, 446 F.2d 1283, 1290 (5th Cir. 1971).  The Court cited these cases for the general principle that a jury's verdict must be clear and unqualified, and when it appears that a jury may not have returned an unqualified verdict, a reviewing

**Memorandum Order - 2**

court may look to the surrounding circumstances to discern the jury's intent and to give effect to that intent. Petitioner has not convinced the Court that its citation to these cases was incorrect or inapplicable. If the jury at his first trial had in fact returned a unanimous and unqualified not guilty verdict on racketeering, which it did not, then Petitioner's argument that it would be improper to "second-guess" that verdict may have merit, even if the verdict was based upon an obvious error of fact or law. The cases upon which Petitioner relies involve that type of factual situation, but that is simply not what occurred here.

Petitioner next argues that the Court improperly focused on the predicate acts of the racketeering charge and disregarded the possibility that a not guilty verdict could have been based upon the jury's decision that the State had failed to prove some other element of the crime. Petitioner seems to suggest that the jury's note to the trial court that it was deadlocked on the predicate acts, and its markings on the verdict form, can be explained by the jury's apparent belief that it was required to reach a unanimous agreement on each act regardless of its decision as to the other elements. Petitioner, however, has not pointed to anything in the record that would show why the jury would have been laboring under this mistaken impression. To the contrary, if the jury had determined that the State did not prove one of the other elements of the crime, it would have immediately ceased its deliberations and returned a clear, unqualified, and unanimous verdict of not guilty, in accordance with its instructions. *See* State's Lodging A-12, Instruction No. 15 and

**Memorandum Order - 3**

Substituted Instruction No. 16 ("[i]f the state failed to prove any one or more of the required facts . . . you shall find the defendant not guilty of Racketeering"). There would have been no need to continue deliberating on the predicate acts, advise the trial court of an impasse, or insert qualifying remarks on the verdict form.

Accordingly, the Court adheres to its previous decision that neither the verdict form nor the circumstances surrounding its completion reflect a unanimous not guilty verdict on the racketeering charge. Petitioner's Motion will be denied.

### III.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion to Alter or Amend Judgment (Docket No. 27) is DENIED.

DATED: **April 7, 2006**

Honorable Edward J. Lodge
U. S. District Judge

**Memorandum Order - 4**